## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| Michael J. Ross, ) | Bankruptcy No. 10 B 45280 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Judge Donald R. Cassling |

### NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **July 25, 2014,** at the hour of **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or before any other judge sitting in his place and stead in Courtroom 240 of the Kane County Courthouse, 100 South Third Street, Geneva, Illinois, and shall then and there present the attached **Application of InnovaLaw, P.C. for Final Allowance of Compensation and Reimbursement of Expenses as Counsel for Initial Trustee David E. Grochocinski**, a copy of which is hereby served upon you.

Kathleen M. McGuire<br>
InnovaLaw, P.C.<br>
1900 Ravinia Place<br>
Orland Park IL  60462<br>
Tel. (708) 675-1975<br>
Fax:  (708) 675-1786

### CERTIFICATE OF SERVICE

I, Kathleen M. McGuire, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice through the CM/ECF filing system, or by first class mail by depositing same with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 P.M., this 26th day of June, 2014.

/s/ Kathleen M. McGuire

**In re - Ross, 10 B 45280**
**Service List**

Service through the CM/ECF filing system:

Office of the United States Trustee: USTPRegion11.ES.ECF@usdoj.gov
Elizabeth Berg: bergtrustee@baldiberg.com, eberg@ecf.epiqsystems.com, jmanola@baldiberg.com
Yeny C. Estrada: yestrad@edwardswildman.com, kconnor@edwardswildman.com, ECFFilings@edwardswildman.com
Cameron M. Gulden: USTPRegion11.ES.ECF@usdoj.gov
Charles S. Stahl, Jr.: cstahl@smbtrials.com
Jonathan W. Young: jyoung@edwardswildman.com, kgerhardt@edwardswildman.com, ecffilings@edwardswildman.com

Service by U.S. Mail:

Michael Ross
452 South Arlington Avenue
Elmhurst, IL  60126-3917

Alan D. Lasko & Associates, P.C.
29 S. LaSalle St.
Suite 1240
Chicago, IL  60603

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Michael J. Ross, | ) | Bankruptcy No. 10-45280 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Judge Donald R. Cassling |

## COVER SHEET FOR APPLICATION FOR FINAL
## ALLOWANCE OF PROFESSIONAL COMPENSATION

Name of Applicant:   InnovaLaw, P.C.

Authorized to Provide
Professional Services to:   David E. Grochocinski, as initial trustee for the chapter 7 estate of Michael J. Ross

Date of Order
Authorizing Employment:   January 7, 2011, effective December 20, 2010

Period for Which
Compensation Is Sought:   December 27, 2010 through June 25, 2014

Amount of Fees Sought:   $31,992.00

Amount of Expense
Reimbursement Sought:   $61.22

This is an    Interim Application ____    Final Application __X__

If this is not the first application filed herein by this professional, disclose all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None. | | | | None. |

Date:  June 25, 2014                          By:  __/s/ Kathleen M. McGuire__

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Michael J. Ross, ) | Bankruptcy No. 10 B 45280 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Judge Donald R. Cassling |

**APPLICATION OF INNOVALAW, P.C. FOR FINAL ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR
INITIAL TRUSTEE DAVID E. GROCHOCINSKI**

Now comes Kathleen M. McGuire and InnovaLaw, P.C. (collectively, the "Applicant"), counsel for David E. Grochocinski, the initial chapter 7 trustee (the "Initial Trustee") of the bankruptcy estate (the "Estate") of Debtor Michael J. Ross (the "Debtor"), and pursuant to 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016, submits this First and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for professional services rendered as attorneys to the Initial Trustee.

**Background**

1. On October 8, 2010, the Debtor commenced this case by filing a petition for relief under chapter 7 of the Bankruptcy Code.

2. On January 7, 2011, the Court entered an order authorizing the retention of Grochocinski Grochocinski & Lloyd, Ltd. ("GGL") as attorneys for the Initial Trustee, effective December 20, 2010 (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A.

3. Since June 2012, Innova has employed the GGL attorneys retained to represent the Initial Trustee.

4.     On April 16, 2014, the Initial Trustee resigned. Elizabeth C. Berg was appointed successor trustee (the "Successor Trustee") on May 19, 2014.

5.     Before the Initial Trustee's resignation, Applicant expended substantial time and resources in rendering legal services to the Initial Trustee.

6.     This is Applicant's first and final request for compensation as attorneys for the Initial Trustee. Applicant has not previously received any compensation in this case.

## Services Rendered and Amount Requested

7.     Between December 27, 2010 and June 25, 2014 (the "Application Period"), Applicant expended 99.6 hours of time in providing the following services to the Interim Trustee. Applicant requests total compensation of $31,992.00 for its services at its customary billing rates as follows:

| Attorney or Paralegal | Hours | Total |
|---|---|---|
| Ariane Holtschlag (AH) | 2.5 | $687.50 |
| David E. Grochocinski (DEG) | .4 | $170.00 |
| Kathleen M. McGuire (KMM) | 90.8 | $30,767.00 |
| Kristine Hubert (KH) | 1.9 | $142.50 |
| Gricel Cardoza (GC) | 4.0 | $225.00 |
| Total: | 99.6 | $31,992.00 |

8.     The legal services provided by Applicant are divided into the following categories:

(i). <u>General Administration</u>: Applicant expended 19.4 hours in connection with the administration of the estate. Work in this category included the preparation and presentation of motions to employ professionals and motions to extend the deadlines for objection to discharge and objection to exemptions. Time was also expended in the preparation of an objection to a proof of claim filed by a mortgagee and resolution of the competing claim objection by the Trustee of the Comdisco Litigation Trust (the "Comdisco Litigation Trustee"). Time charges in this category include 3.0 hours of work on this fee petition, and time spent in gathering information and coordinating with accountants regarding income tax issues. Because the Initial Trustee chose to employ a second accountant to work on the case, Applicant has not charged for time spent on the first motion

to employ an accountant for the Estate.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 1.4 | $310.00 | $434.00 |
| KMM | 9.6 | $385.00 | $3,696.00 |
| AH | 2.5 | $275.00 | $687.50 |
| KH | 1.9 | $75.00 | $142.50 |
| GC | 4.0 | $75.00 | $225.00 |
| Total: | 19.4 | | $5,185.00 |

(ii).   <u>Disposition of Property</u>: Applicant expended 14.9 hours in connection with the disposition of property. In his bankruptcy schedules, the Debtor reported that he owned no interests in realty and that his only valuable non-exempt interest in personal property was a country club membership. In amended bankruptcy schedules, the Debtor also reported that he owned 100,000 contingent distribution rights ("CDRs") issued in the reorganization of Comdisco, Inc., which he valued at $12,000.00.

Upon the Initial Trustee's determination that the country club membership had no readily realizable value, Applicant moved to abandon that asset. Applicant moved for authority to redeem and administer the CDRs, which transaction brought funds of approximately $100,000.00 into the Estate. Applicant later moved for authority to sell the CDRs to the Comdisco Litigation Trustee.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 10.5 | $325.00 | $3,412.50 |
| KMM | 4.4 | $385.00 | $1,694.00 |
| Total: | 14.9 | | $5,106.50 |

(iii).   <u>Adversary Proceeding</u>:   Applicant expended 65.3 hours in connection with the work done in this category. In his bankruptcy schedules, the Debtor reported that he was liable on mortgages of two residences owned by the trust of his non-working spouse. Applicant sought Rule 2004 discovery and reviewed voluminous bank records of the Debtors and members of his family. Based on his investigation, the Initial Trustee brought a fraudulent transfer action against the Debtor's wife, and later successfully defended a motion to dismiss that action. Ultimately, there was a global settlement of the Initial Trustee's adversary proceeding and an action by the Comdisco Litigation Trustee to deny the Debtor's discharge. The settlement brought funds of $60,000.00 into the Estate.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| DEG | .4 | $425.00 | $170.00 |
| KMM | 24.4 | $310.00 | $7,564.00 |
| KMM | 27.1 | $325.00 | $8,807.50 |
| KMM | 13.4 | $385.00 | $5,159.00 |
| Total: | 65.3 | | $21,700.50 |

9.   A detailed summary of Applicant's services during the Application Period and

related charges for those services is attached hereto as Exhibit B.

10. All fees for which allowance is sought were incurred in connection with Applicant's representation of the Initial Trustee and were reasonable and necessary to effectively assist the Initial Trustee in the administration of the Debtor's estate.

11. <u>Expenses</u>. Attached to this application as Exhibit C is an itemized statement of the actual and necessary expenses incurred by Applicant during the period December 20, 2010 through June 20, 2014, and for which reimbursement is sought. Those expenses, which total $61.22, were actually and necessarily incurred in order to assist the Initial Trustee in his administration of the Estate.

12. Applicant seeks allowance of its fees and expenses as a chapter 7 administrative expense under 11 U.S.C. § 503(b), payable as funds are available to do so in the discretion of the Successor Trustee.

**Other Disclosures under Fed. R. Bankr. P. 2016**

13. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to the matters on which Applicant was employed.

14. No agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, other than compensation that has been or will be approved by the Court upon the applications of other professionals employed to represent the Initial Trustee in this case.

**InnovaLaw, P.C. Biographical Information**

The majority of the services rendered in this case were by Kathleen M. McGuire, an attorney with Innova who graduated with honors from IIT Chicago-Kent College of Law in 1988,

and has practiced exclusively in the fields of bankruptcy and federal civil litigation since that time. Ms. McGuire is admitted to practice in the State of Illinois and the United States District Courts for the Northern and Central Districts of Illinois, as well as the Trial Bar of the Northern District of Illinois. Between 1988 and 2004, Ms. McGuire served as a law clerk to a number of judges in the Bankruptcy Court and District Court. In private practice, she has represented chapter 7 trustees, debtors and creditors in a wide variety of matters in the Bankruptcy Court and in appeals to the District Court. Before receiving her law degree, Ms. McGuire practiced as a certified public accountant.

David E. Grochocinski was appointed to the private panel of bankruptcy trustees for the Northern District of Illinois in 1984, and he served in that capacity until his resignation in April 2014. Besides serving as a panel trustee, Mr. Grochocinski had extensive experience in representing other trustees, debtors and creditors in consumer and commercial bankruptcies, and in non–bankruptcy workouts. Mr. Grochocinski graduated with honors from John Marshall Law School in 1976, and he was admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois. Mr. Grochocinski was also a member of the Northern District of Illinois Trial Bar.

Ariane Holtschlag is a former Innova associate who graduated from the University of Iowa School of Law in 2007. She has devoted most of her practice to bankruptcy law since that time. Ms. Holtschlag is admitted to practice in the State of Illinois and the United States District Courts for the Northern and Central Districts of Illinois, as well as the Trial Bar of the Northern District of Illinois. Ms. Holtschlag is the author of several articles published in the American Bankruptcy Journal, and she frequently lectures on bankruptcy-related topics.

Gricel Cardoza and Kristine Hubert are or were paralegals with Innova. Both Ms. Cardoza

and Ms. Hubert hold degrees in paralegal studies and have substantial training and experience in bankruptcy matters.

## Conclusion

Kathleen M. McGuire and InnovaLaw, P.C. request that the Court enter an order allowing a final award of professional compensation in the amount of $31,992.00 and reimbursement of expenses of $61.22, payable as an administrative expense under 11 U.S.C. § 503(b) as funds are available to do so in the discretion of the Successor Trustee.

Respectfully submitted,
InnovaLaw, P.C.

By: /s/ Kathleen M. McGuire
    One of the attorneys for Initial Trustee
    David E. Grochocinski

Kathleen M. McGuire
InnovaLaw, P.C.
1900 Ravinia Place
Orland Park, IL  60462
Tel: (708) 675-1975
Fax: (708) 675-1786