IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| Michael J. Ross, | ) | Case No.10-45280 |
| | ) | Honorable Donald R. Cassling |
| | ) | (Geneva) |
| Debtor. | ) | Hearing Date: July 25, 2014 |
| | ) | Time:  10:30 a.m. |

### Notice of Motion

To:     See Attached Service List.


**PLEASE TAKE NOTICE** that on **July 25, 2014,** at the hour of **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or before any other judge sitting in his place and stead in Courtroom 240 of the Kane County Courthouse, 100 South Third Street, Geneva, Illinois, and shall then and there present the attached **First and Final Application of Alan D. Lasko & Associates, P.C. for Allowance of Compensation and Expenses**, a copy of which is hereby served upon you.


/s/
_____
Elizabeth C. Berg


### Certificate of Service

I, Elizabeth C. Berg, hereby certify that I caused a true and correct copy of the foregoing Notice and the document identified therein to be served on the persons on the attached service, either electronically through CM/ECF or via first class mail, postage prepaid, on July 7, 2014.


/s/
_____
Elizabeth C. Berg


Elizabeth C. Berg
Julia D. Loper
Baldi Berg, Ltd.
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

**In re - Ross, 10 B 45280**
**Service List**

Service through the CM/ECF filing system:

    Office of the United States Trustee: USTPRegion11.ES.ECF@usdoj.gov
    Elizabeth Berg: bergtrustee@baldiberg.com, eberg@ecf.epiqsystems.com,
    jmanola@baldiberg.com
    Yeny C. Estrada: yestrad@edwardswildman.com, kconnor@edwardswildman.com,
    ECFFilings@edwardswildman.com
    Cameron M. Gulden: USTPRegion11.ES.ECF@usdoj.gov
    Charles S. Stahl, Jr.: cstahl@smbtrials.com
    Jonathan W. Young: jyoung@edwardswildman.com, kgerhardt@edwardswildman.com,
    ecffilings@edwardswildman.com

Service by U.S. Mail:

    Michael Ross
    452 South Arlington Avenue
    Elmhurst, IL 60126-3917

    Alan D. Lasko & Associates, P.C.
    29 S. LaSalle St.
    Suite 1240
    Chicago, IL 60603

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Estate of Michael J. Ross | ) | No. 10 B 45280 |
| | ) | |
| 61-6451968 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Donald R. Cassling |

### FIRST AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### FOR ALLOWANCE COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C.,** Certified Public Accountants, request first and final compensation of $739.00 for the time period from March 31, 2014 through April 8, 2014. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 7 on or about October 8, 2010. A Trustee was subsequently appointed. On or about April 11, 2014 (nunc pro tunc to March 31, 2014), Alan D. Lasko & Associates, P.C. was approved by the Court as the accountants for the Trustee. Reflected in this Fee Application is the Applicant's time for reviewing the file in order to determine whether the Estate needed to file a tax return.

2

## FEE APPLICATION

The fees sought by this First and Final Fee Application reflect an aggregate of 4.1 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

3

**ESTATE OF MICHAEL J. ROSS**

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred .6 hour in the preparation of this fee Application.

    Cost        <u>$58.80</u>

A recap of compensation for this category is as follows:

| | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.1 | $ 278.00 | $ 27.80 |
| C. Wilson, Staff | 0.5 | 62.00 | 31.00 |
| | 0.6 | | $ 58.80 |

## TAX PREPARATION

The Applicant incurred 3.5 hours in reviewing documents and determining that the Estate did not need to file income tax returns.  Time also includes an estimate for the Estate's information tax returns.

    Cost        <u>$680.20</u>

A recap of compensation for this category is as follows:

| | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 2.0 | $ 278.00 | $ 556.00 |
| K. Seyller, Staff | 0.3 | 102.00 | 30.60 |
| J. Lasko, Staff | 1.2 | 78.00 | 93.60 |
| | 3.5 | | $ 680.20 |

4

ESTATE OF MICHAEL J. ROSS

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| | | | |
|---|---|---|---|
| Owner | $275 | - | $280 |
| Manager/Director | 220 | - | 275 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | Amount | |
|---|---|---|
| Billing | $ | 58.80 |
| Tax Preparation | | 680.20 |
| Net Request | $ | 739.00 |

| Recap by Hour | Hours | Amount | | Blended Rate |
|---|---|---|---|---|
| Billing | 0.6 | $ | 58.80 | $ 98.00 |
| Tax Preparation | 3.5 | | 680.20 | $ 194.34 |
| | 4.1 | $ | 739.00 | $ 180.24 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the

amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

$ -

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

6

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate.   ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort.  In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task.

7

Accordingly, approval of the first and final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $739.00 should be allowed for services by your Applicant for the period March 31, 2014 through April 8, 2014.

_____
Alan D. Lasko


Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Estate of Michael J. Ross** | ) | **No. 10 B 45280** |
| | ) | |
| 61-6451968 | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. Donald R. Cassling** |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

**STATE OF ILLINOIS)**
             )       **SS.**
**COUNTY OF COOK )**

    I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.     I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for David E. Grochocinski, Chapter 7 Trustee in this case ("Trustee").

2.     I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.     Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

                                                        _____
                                                       Alan D. Lasko

Subscribed and Sworn to before me
this _____ day of April, 2014.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/10/16

9

## EXHIBIT A

## ORDER OF EMPLOYMENT

**See Nunc Pro Tunc Order**

**EXHIBIT B**

**PERSONNEL**

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 28 years. He brings his 38 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

Karen Seyller – Staff

Ms. Seyller had worked as a part-time intern for a tax law practice preparing income tax returns over two tax seasons. Subsequently, Ms. Seyller then had worked full time as a tax accountant for a medical care company over the last five years. Duties include the preparation of various types of tax returns of the business including but not limited to income tax returns, gross receipts returns, sales and use tax returns, as well as being involved in other general ledger duties of the company. Ms. Seyller has a Bachelor's Degree in Accounting from Saint Xavier University. She is also attending John Marshall Law School to complete her JD in 2014.

ESTATE OF MICHAEL J ROSS

Joseph Lasko – Staff

Mr. Lasko is a third-year staff intern person performing accounting and tax services.  Mr. Lasko has a Bachelor's Degree in Marketing from the University of Iowa.  Mr. Lasko has also completed several post graduate accounting courses.

## **EXHIBIT C**

## **STAFF LEVELS**

ESTATE OF MICHAEL J ROSS

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

### SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

### SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

### ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**<u>EXHIBIT D</u>**

**<u>ACTUAL TIME FROM TIME SLIPS</u>**

**EXHIBIT D-1**

**TAX PREPARATION**

4/8/2014                           Alan D. Lasko & Associates, P.C.
11:45 AM                                Pre-bill Worksheet                                    Page      1

---

## Selection Criteria

Clie.Selection              Include: Ross M.002; Ross M.012

---

Nickname          Ross M.002 | 4409
Full Name         Estate of Michael Ross
Address           c/o David E. Grochocinski, Trustee
                  1900 Ravinia Place
                  Orland Park IL 60462
Phone 1                            Phone 2
Phone 3                            Phone 4
In Ref To         tax preparation
Fees Arrg.        By billing value on each slip
Expense Arrg.     By billing value on each slip
Tax Profile       Exempt
Last bill
Last charge       4/3/2014
Last payment                       Amount      $0.00

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 3/31/2014 124585 | A. Lasko 800 | 278.00 | 0.50 | 139.00 | Billable |
| | review of data received from trustee's office and prepared information and document request in order to prepare the estate's income tax returns | | | | |
| 4/3/2014 124769 | A. Lasko 800 | 278.00 | 0.90 | 250.20 | Billable |
| | review of additional materials received from trustee's office and prepared response for additional information regarding the same. | | | | |
| 4/3/2014 124783 | A. Lasko 800 | 278.00 | 0.40 | 111.20 | Billable |
| | review of file and prepared summary of issues for trustee's office review to indicate that an estate tax return was not needed | | | | |
| 4/3/2014 124784 | A. Lasko 800 | 278.00 | 0.20 | 55.60 | Billable |
| | call with trustee;'s office re: review of transactions of estate and that a return was not needed | | | | |
| 4/3/2014 124801 | J. Lasko 800 | 78.00 | 1.20 | 93.60 | Billable |
| | Estimated time to prepare estate's information tax returns and cover letter to trustee | | | | |
| 4/3/2014 124802 | K. Seyller 800 | 102.00 | 0.30 | 30.60 | Billable |
| | Estimated time to review estate's information tax return and cover letter to trustee | | | | |

4/8/2014
11:45 AM

Alan D. Lasko & Associates, P.C.
Pre-bill Worksheet

Page      2

Ross M.002:Estate of Michael Ross (continued)

|  | Amount | Total |
|---|---|---|
| TOTAL      Billable Fees | 3.50 | $680.20 |
| Total of billable expense slips |  | $0.00 |

## Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips By billing value on each slip. |  |  |
| Total of billable time slips | $680.20 |  |
| Total of Fees (Time Charges) |  | $680.20 |
| Total of Costs (Expense Charges) |  | $0.00 |
| Total new charges |  | $680.20 |
| New Balance Current | $680.20 |  |
| Total New Balance |  | $680.20 |

**<u>EXHIBIT D-2</u>**

**<u>BILLING TIME</u>**

4/8/2014
11:45 AM

Alan D. Lasko & Associates, P.C.

Pre-bill Worksheet

Page    3

| | | | |
|---|---|---|---|
| Nickname | Ross M.012 \| 4410 | | |
| Full Name | Estate of Michael Ross | | |
| Address | c/o David E. Grochocinski, Trustee | | |
| | 1900 Ravinia Place | | |
| | Orland Park IL 60462 | | |
| Phone 1 | | Phone 2 | |
| Phone 3 | | Phone 4 | |
| In Ref To | fee petition | | |
| Fees Arrg. | By billing value on each slip | | |
| Expense Arrg. | By billing value on each slip | | |
| Tax Profile | Exempt | | |
| Last bill | | | |
| Last charge | 4/8/2014 | | |
| Last payment | | Amount | $0.00 |

| Date | User | Rate | Hours | Amount | Total |
|---|---|---|---|---|---|
| ID | Task | Markup % | DNB Time | DNB Amt | |
| 4/8/2014 | C. Wilson | 62.00 | 0.50 | 31.00 | Billable |
| 124974 | 800 | | | | |
| | Prepared fee petition. | | | | |
| 4/8/2014 | A. Lasko | 278.00 | 0.10 | 27.80 | Billable |
| 124985 | 800 | | | | |
| | Prepared fee petition | | | | |
| TOTAL | Billable Fees | | 0.60 | | $58.80 |

Total of billable expense slips                                                                $0.00

---

### Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| | | |
| Fees Bill Arrangement: Slips | | |
| By billing value on each slip. | | |
| Total of billable time slips | $58.80 | |
| Total of Fees (Time Charges) | | $58.80 |
| Total of Costs (Expense Charges) | | $0.00 |
| Total new charges | | $58.80 |
| New Balance | | |
| Current | $58.80 | |

4/8/2014
11:45 AM

Alan D. Lasko & Associates, P.C.
Pre-bill Worksheet

Ross M.012:Estate of Michael Ross (continued)

|  | Amount | Total |
|---|---|---|
| Total New Balance |  | $58.80 |